## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**BEVERLY DEANN AMITHS**                                            **PLAINTIFF**

v.                                   **No. 3:13–CV–004–DPM**

**CAROLYN W. COLVIN, Commissioner,**
**Social Security Administration**                            **DEFENDANT**

### ORDER

Amiths has a bad back and fibromyalgia. She applied for disability benefits, maintaining that her back pain prevents her from working. The Commissioner's ALJ determined she can do light work with a sit/stand option, including her past work as a small parts assembler and a cashier. Because a person isn't disabled if she can do her past work, the ALJ denied the application for disability benefits. Amiths appeals. The Court must determine whether — considering supporting and contrary evidence — substantial evidence supports the Commissioner's decision. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Amiths challenges the evaluation of her credibility. She says the evaluation was based on a selective view of the evidence. In evaluating credibility, an ALJ must consider all of the evidence and follow a two-step process. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011); SSR 96-7p. The ALJ

in this case used the two-step process, applied the required factors, and considered all of the evidence. Thus, the question before the Court is whether substantial evidence supports the credibility evaluation.

"The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole." *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001). The ALJ determined that the medical findings are inconsistent with disabling pain. Substantial evidence supports this determination because treating physicians identified no cause for disabling pain.

Twenty-two months after back surgery, diagnostic imaging showed post-operative changes at the sites of the earlier surgery, but no nerve root abnormality. Imaging done two months later showed degenerative disc disease at multiple levels causing mild stenosis, with the exception of mild to moderate stenosis where the last lumbar verebrae connects to the sacrum. Stenosis can pressure the sciatic nerve roots and cause low back pain which may radiate to the buttocks and legs. The presence of stenosis supports Amiths's complaints of pain, but the conservative treatment prescribed by doctors does not suggest disabling pain. *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

Amiths's gait and muscle strength have been consistently normal. Her

doctor recommended routine exercise.  The recommendation for exercise is inconsistent with a claim of disabling pain and limitation.  *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013).  Amiths reported decreased fibromyalgia pain with medication therapy.  Pain which can be controlled with treatment is not disabling.  *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).  Sufficient evidence supports the credibility evaluation.

Amiths also challenges the determination about her ability to work, but a reasonable mind would accept the diagnostic imaging, the recommendation for exercise, and pain relief with medication as adequate to show Amiths can do her past work as an assembler or a cashier.  These jobs can be done without a good deal of walking or standing.  20 C.F.R. §§ 404.1567(b) & 416.967(b).  Amiths can lift the required 20 pounds.  Substantial evidence supports light work with a sit/stand option.

The Court affirms the denial of benefits.

So Ordered.

D.P. Marshall Jr.
United States District Judge

14 November 2013

-3-